IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAMISHA NICOLE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-02099-N |
| | § | |
| FEDEX OFFICE AND PRINT SERVICES, | § | |
| INC. d/b/a FEDEX OFFICE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

This Order addresses Defendant FedEx Office and Print Services, Inc. d/b/a FedEx Office's ("FedEx Office") motion to dismiss Plaintiff Kamisha Nicole Jones's complaint [5]. Because Jones's complaint does not state a claim upon which relief can be granted, the Court grants the motion to dismiss.

### I. ORIGINS OF THE DISPUTE

This dispute arises out Jones's employment as a Hospitality Parcel Specialist with FedEx Office. Jones alleges that certain FedEx Office employees – Justyn Hersma, Brandon Evanoff, Charles Crumpton, Jr., James Clig, and Stephen Adams – used their power and position to bully, harass, and racially discriminate against Jones, an African-American female. *See* Pl.'s Original Compl. ¶ 20 [1]. Jones also alleges that Hersma, Evanoff, Clig, and Adams assaulted and battered her. *Id*. ¶ 21. On April 30, 2015, Jones alleges that as a result of a particular assault by Hersma, Evanoff, Clig, and Adams, Jones sustained severe physical and emotional injuries requiring treatment at a medical facility. *Id*. ¶ 22. Jones has

ORDER – PAGE 1

not returned to work since this incident, as she has been placed on long-term disability.  *Id*. ¶ 25.

Jones filed a complaint against FedEx Office on July 20, 2016, claiming race discrimination in the workplace in violation of 42 U.S.C. § 1981 ("Count I"), disparate treatment in the workplace in violation of section 1981 ("Count II"), hostile work environment in violation of section 1981 ("Count III"), retaliation in violation of section 1981 ("Count IV"), assault and battery in the workplace in violation of section 1981 and Chapter 21 of the Texas Labor Code ("Count V"), assault by offensive physical contact in the workplace in violation of section 1981 and Chapter 21 ("Count VI"), infliction of bodily injury in the workplace in violation of section 1981 and Chapter 21 ("Count VII"), negligent hiring and negligent supervision in violation of section 1981 and Chapter 21 ("Count VIII"), and participatory liability and civil conspiracy in the workplace in violation of section 1981 and Chapter 21 ("Count IX").  Without formally labeling them as "counts," Jones also claims that FedEx Office mentally abused her, and that FedEx Office is vicariously liable for the actions of its employees.  FedEx Office brought the present motion to dismiss on August 12, 2016.

## II.  THE RULE 12(B)(6) STANDARD

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content

ORDER – PAGE 2

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a

ORDER – PAGE 3

"court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### III. THE COURT GRANTS FEDEX OFFICE'S MOTION TO DISMISS

#### A. *Jones Does Not State A Plausible Race Discrimination Claim*

Jones alleges that FedEx Office did not apply and enforce its anti-discrimination policies within the workplace. Further, Jones alleges that FedEx Office did not apply and enforce its policies equally as between Jones and other FedEx Office employees. Jones claims that her race was a motivating factor for FedEx Office in its "other acts, malfeasance and omissions complained of [in Jones's complaint]." Pl.'s Original Compl. ¶ 37. Presumably Jones refers to the alleged incidents of assault and battery and "adverse employment actions" that Jones mentions elsewhere in her complaint. Jones alleges that she suffered the following adverse employment actions during her time with FedEx Office: "a)

changes in the working conditions of Plaintiff, b) changes in job duties of Plaintiff, c) work environment that denies Plaintiff an opportunity to succeed, and d) ongoing race and gender discrimination through intimidation, ridicule and insults." *Id.* ¶ 26. Jones alleges that FedEx Office knew of the discrimination that she encountered and took no action to stop it.

To establish a prima facie case of intentional discrimination under section 1981, a plaintiff must establish that: "(1) plaintiff is a member of a protected class; (2) plaintiff is qualified for the position; (3) plaintiff suffered an adverse employment action; and (4) plaintiff was replaced with a person who is not a member of the protected class." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281 (5th Cir. 2004) (citing *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999)). Though Jones is correct that she need not prove a prima facie case of discrimination to survive a Rule 12(b)(6) motion to dismiss, she still must "allege facts sufficient to state all the elements of her claim." *Stone v. Louisiana Dept. Of Revenue*, 590 F. App'x. 332, 339 (5th Cir. 2014) (quoting *Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x. 363, 370 (5th Cir. 2008)) (italics removed).

Here, Jones pleads no facts to support a claim for race discrimination that is plausible on its face. In fact, Jones pleads few facts at all throughout the entirety of her complaint. In the context of section 1981 discrimination claims, adverse employment actions are ultimate employment decisions "such as hiring, firing, demoting, promoting, granting leave, and compensating." *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014). Though Jones summarily lists adverse employment actions that FedEx Office took against

ORDER – PAGE 5

her, she pleads no facts to support those claims.  For example, Jones does not explain how or when her working conditions or job duties changed.  Nor does Jones explain how FedEx Office denied her an opportunity to succeed.  Further, Jones pleads no facts to establish that FedEx Office replaced her with a person who is not a member of her protected class – in fact, Jones never claims that FedEx Office replaced her at all.  Accordingly, the Court grants FedEx Office's motion to dismiss Count I of Jones's complaint.

### B.  Jones Does Not State A Plausible Disparate Treatment Claim

Jones alleges that FedEx Office discriminated against her because she is an African-American female, and that FedEx Office has not discriminated against similarly situated non-African-American females.  Accordingly, Jones brings claims against FedEx Office for disparate treatment under section 1981 and other similar state statutes.

A sex discrimination claim is not cognizable under section 1981.  *See Davis v. Dallas Independent School Dist.*, 448 F. App'x. 485, 390 n.1 (5th Cir. 2011).  To the extent Jones alleges disparate treatment based on her race under section 1981, or disparate treatment under the Texas Labor Code, Jones has not pled facts to support the elements of a prima facie case of intentional discrimination based on race or sex.  As described in III.A, *supra*, Jones has not pled facts to show that she suffered an adverse employment action or that she was replaced with a person who is not a member of her protected class.  In any case, Jones fails to plead facts to support a reasonable inference that FedEx Office actually treated other non-African-American females differently than they treated Jones.  Jones only says, in a

conclusory fashion, that FedEx Office "treated Plaintiff differently than similarly situated non-African American, female employees because of her race and gender." Pl.'s Original Compl. ¶ 47. Without more, Jones has not stated a claim for disparate treatment that is plausible on its face. Accordingly, the Court grants FedEx Office's motion to dismiss Count II of Jones's complaint.

### C. Jones Does Not State A Plausible Hostile Work Environment Claim

Jones further alleges that FedEx Office created a hostile work environment by "knowingly allow[ing] the ridicule, insults, rumors and innuendoes concerning Plaintiff, especially about her being an African American, female and about her work product and reputation . . . ." Pl.'s Original Compl. ¶ 56. To state a claim for hostile work environment, a plaintiff must prove that: "(1) she is a member of a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her membership in a protected class; (4) the harassment affected a term, condition, or privilege of her employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action." *Taylor v. Texas Southern University*, 569 F. App'x. 193, 194 (5th Cir. 2014). Jones fails to provide any facts to support her allegations of harassment. Jones provides no examples of times when FedEx Office or its employees ridiculed, insulted, or otherwise harassed her, other than to summarily state that FedEx Office knew of and allowed such harassment to happen.

Further, "[n]ot all harassment will affect a term, condition, or privilege of employment." *Shepherd v. Comptroller of Public Accounts of State of Texas*, 168 F.3d 871, 874 (5th Cir. 1999). "A recurring point in Supreme Court opinions is that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory change sin the terms and conditions of employment." *Id*. (quoting *Faragher v. City of Boco Raton*, 524 U.S. 775, 788 (1998)) (internal punctuation omitted). To determine whether an environment is hostile or abusive, a court looks at all of the circumstances, including "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance." *Id*. Because Jones has not provided the Court with any details of the alleged harassment, the Court cannot reach such a determination. Accordingly, the Court grants FedEx Office's motion to dismiss Count III of Jones's complaint.

### D. Jones Does Not State A Plausible Retaliation Claim

Jones alleges that FedEx Office retaliated against her in violation of section 1981 after she participated in a protected activity. Jones claims that she suffered adverse employment actions, as described in III.A, *supra*, and that but for her "participation in protected activity" she would not have been subjected to discrimination, harassment, or adverse employment actions. Pl.'s Original Compl. ¶ 76. Plaintiff alleges that she suffered retaliation in the form of disparaging remarks, events in the workplace that caused her stress and aggravation,

blatant discrimination, deprivation of her rights, and a systematic scheme to provide better opportunities and benefits to non-African-American individuals.

To establish a prima facie case of retaliation, a plaintiff must show: (1) she engaged in protected activity; (2) she was subject to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action. *See Hypolite v. City of Houston, Tex.*, 493 F. App'x. 597, 602 (5th Cir. 2012). Jones at no point details what protected activity she engaged in. Jones only states that FedEx Office retaliated against her for "having participated in a protected activity and for having opposed conduct which she had a good faith belief was unlawful and/or discriminatory on the basis of race and sex . . . ." Pl.'s Original Compl. ¶ 82. Such a conclusory allegation is insufficient to support a claim for retaliation that is plausible on its face. Accordingly, the Court grants FedEx Office's motion to dismiss Count IV of Jones's complaint.

### E. Jones's Remaining Claims Are Not Cognizable Under Section 1981 or Chapter 21 of the Texas Labor Code

Section 1981 guarantees that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). It "protects the right to enforce contracts without respect to race." *Hall v. Continental Airlines, Inc.*, 252 F. App'x. 650, 653 (5th Cir. 2007). Claims of retaliation on the basis of race are also cognizable under section1981. *See CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 456 (2008). Chapter 21 of the Texas Labor Code "make[s] it illegal to discriminate against an employee or potential

employee on the basis of race or sex." *Vann v. Mattress Firm, Inc.*, 626 F. App'x. 522, 525 (5th Cir. 2015). Chapter 21 is "effectively identical to Title VII, its federal equivalent . . . ." *Id.* at n. 2 (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633–34 (Tex. 2012)). Assault and battery, negligence, and civil conspiracy are all common law torts. Jones does not cite to, nor is the Court aware of, any case law under which state tort law claims may be cognizable under section 1981 or Chapter 21. Jones also fails to cite to, and the Court is not aware of, any case law under which assault by offensive physical contact, infliction of bodily injury, participatory liability, mental abuse, or vicarious liability are cognizable under section 1981 or Chapter 21. Jones fails to address this in her response to FedEx Office's motion to dismiss. Accordingly, the Court grants FedEx Office's motion to dismiss Counts V–IX of Jones's complaint as well as Jones's claims for mental abuse and vicarious liability.

## CONCLUSION

Because Jones fails to state a plausible claim upon which relief may be granted, the Court grants FedEx Office's motion to dismiss. The Court dismisses Jones's claims for assault and battery, assault by offensive physical contact, infliction of bodily injury, negligence, participatory liability and civil conspiracy, mental abuse, and vicarious liability with prejudice. The Court dismisses Jones's claims for race discrimination, disparate treatment, hostile work environment, and retaliation without prejudice. The Court grants Jones leave to replead those claims within thirty (30) days of the date of this Order.

ORDER – PAGE 10

Signed March 23, 2017.

David C. Godbey
United States District Judge