IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAMISHA NICOLE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-02099-N |
| | § | |
| FEDEX OFFICE AND PRINT SERVICES, | § | |
| INC. d/b/a FEDEX OFFICE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

This Order addresses Defendant FedEx Office and Print Services, Inc. d/b/a FedEx Office's ("FedEx Office") motion to dismiss Plaintiff Kamisha Nicole Jones's first amended complaint [22]. For the reasons stated below, the Court denies the motion with respect to Jones's hostile work environment claim and grants the motion with respect to Jones's retaliation claim.

## I. ORIGINS OF THE DISPUTE

This dispute arises out of Jones's employment as a Hospitality Parcel Specialist with FedEx Office. Jones alleges that FedEx Office employees Justyn Hersma, Brandon Evanoff, Charles Crumpton, Jr., James Clig, and Stephen Adams (the "FedEx Employees") "create[d] a hostile work environment and sexually harass[ed]" Jones, an African-American female. Pl.'s First Am. Compl. ("Am. Compl.") ¶¶ 20, 32 [21]. Jones further alleges that, as a result of the FedEx Employees' actions, she "sustained severe physical and emotional injuries

ORDER – PAGE 1

requiring transportation to and treatment from a medical facility." *Id.* ¶ 21. Jones was subsequently placed on long-term disability. *Id.* ¶ 29.

Jones filed a complaint [1] against FedEx Office on July 20, 2016, claiming workplace race discrimination, disparate treatment in the workplace, hostile work environment, and retaliation in violation of 42 U.S.C. § 1981 ("section 1981"). Pl.'s Orig. Compl. ¶¶ 30–60; 73–82 [1]. Jones also asserted claims for assault and battery in the workplace, assault by offensive physical contact in the workplace, infliction of bodily injury in the workplace, negligent hiring and negligent supervision, and participatory liability and civil conspiracy in the workplace in violation of section 1981 and Chapter 21 of the Texas Labor Code. *Id.* ¶¶ 92–142. Jones further claimed that FedEx Office mentally abused her, and that FedEx Office was vicariously liable for its employees' actions. *Id.* ¶¶ 61–72; 83–91.

FedEx Office moved to dismiss Jones's original complaint. On March 23, 2017, the Court granted FedEx Office's motion and dismissed Jones's claims for assault and battery, assault by offensive physical contact, infliction of bodily injury, negligence, participatory liability and civil conspiracy, mental abuse, and vicarious liability with prejudice. Order 10 [20]. The Court dismissed without prejudice Jones's remaining claims for race discrimination, disparate treatment, hostile work environment, and retaliation and granted Jones leave to replead those claims. *Id.*

On April 22, 2017, Jones filed an amended complaint [21] reasserting her claims for hostile work environment ("Count I") and retaliation ("Count IV") under section 1981. Am. Compl. ¶¶ 30–57 [21]. Jones does not reallege her claims for race discrimination and disparate treatment in her amended complaint. *See id.*

ORDER – PAGE 2

## II. THE RULE 12(B)(6) STANDARD

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited

categories. First, a "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, a "written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (internal citations omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand." (internal citations omitted)).

### III.  THE COURT GRANTS THE MOTION IN PART AND DENIES THE MOTION IN PART

#### A.  *Jones States A Plausible Hostile Work Environment Claim*

Jones alleges that the FedEx Employees "created a hostile [work] environment that consisted of intimidation and bullying" and "sexual overtures, unwanted touching of

ORDER – PAGE 4

[Jones's] body, vulgar language and sexual inquiries." Am. Compl. ¶ 33 [21]. She argues that the unwelcome harassment she experienced was "based on race or sex." Am. Compl. ¶ 30 [21]. Jones claims that, although FedEx Office "knew of the hostile work environment," it "took [no] remedial action" regarding the situation. *Id.* ¶ 41.

To state a hostile work environment claim, Jones must allege facts showing that: "(1) she is a member of a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her membership in a protected class; (4) the harassment affected a term, condition, or privilege of her employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action." *Taylor v. Tex. S. Univ.*, 569 F. App'x 193, 194 (5th Cir. 2014) (internal citations omitted).

"Not all harassment will affect a term, condition, or privilege of employment." *Shepherd v. Comptroller of Public Accounts of State of Texas*, 168 F.3d 871, 874 (5th Cir. 1999) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). Indeed, "[t]he mere utterance of an epithet [that] engenders offensive feelings in a[n] employee does not sufficiently affect the conditions of employment." *Id.* (internal quotation marks omitted). "A recurring point in Supreme Court opinions is that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.* (internal alterations and quotation marks omitted) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). To determine whether an environment is hostile or abusive, a court looks at all of the circumstances,

ORDER – PAGE 5

including "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance." *Id*. (internal citations omitted).

Jones's amended complaint fails to plead enough facts to support a race-based hostile work environment claim. Jones's only allegations of race-based harassment are that (1) she is an African-American female who worked with all white males and (2) FedEx Employee James Clig "frequently" spoke to Jones using language like "[f]ake hair," "[h]ey momma," and "'[i]t's all good in the hood' ghetto vernacular."[1]  Am. Compl. ¶¶ 32, 35 [21].  Jones argues that the FedEx Employees' conduct constituted a "regular pattern of frequent verbal ridicule or insults sustained over time" that qualified as "severe or pervasive harassment sufficient to violate Title VII [of the Civil Rights Act of 1964]." *Id*. ¶ 31 (citing *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 400 (5th Cir. 2007)).  In *WC&M Enterprises*, an Indian plaintiff alleged that, over a period of approximately one year, his coworkers "constantly" called him "Taliban" and "Arab," "mocked his diet and prayer rituals," and suggested that he was involved in the September 11, 2001 U.S. terrorist attacks; the plaintiff's supervisor also issued a written warning stating that the plaintiff "was acting like a 'Muslim extremist.'"  *Id*.  In contrast, Jones's bare allegations do not demonstrate a level

---

[1]Jones also alleges that, "four different times when [she] was leaving work, she discovered her tires [had been] vandalized."  Am. Compl. ¶ 36 [21].  But Jones does not suggest that any of the FedEx Employees vandalized her tires, or that the vandalism was based on her membership in a protected class.

of race-based harassment sufficient to violate Title VII.  *See WC&M Enterprises*, 496 F.3d at 400–01.

While Jones's amended complaint lacks sufficient facts regarding race-based harassment, Jones's allegations of sex-based harassment are more robust.  Jones claims that: (1) FedEx Employee Justyn Hersma once told Jones, "I like your color of panties;" (2) while working with Jones, Hersma "would constantly brush up against [Jones's] butt or get behind her to touch her body in some manner;" and (3) FedEx Employees Stephen Adams, Brandon Evanoff, and James Clig "frequently" called Jones a "b[****]."  Am. Compl. ¶¶ 33–35 [21]. Jones further alleges that she "requested the bullying, ridicule, insults, rumor[s] and innuendos to stop," but that FedEx Office failed to honor her request.  *Id*.  ¶¶ 39–40.  As a result of the continued abuse, Jones claims that she "developed post trauma stress and was overwhelmed and exhausted" to the point of becoming suicidal.  *Id*. ¶ 40.  The Court holds that Jones has pleaded sufficient facts regarding sex-based harassment to state a plausible hostile work environment claim.  *See Taylor*, 569 F. App'x at 194.

It is true that Jones's sex-based harassment claim is premised on inapplicable statutes. Jones argues in her amended complaint that the FedEx Employees' conduct violated section 1981. *Id*. ¶ 30.  But a "sex discrimination claim . . . is not cognizable under [s]ection 1981." *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 490 n.4 (5th Cir. 2011).  In response to FedEx Office's motion to dismiss, Jones attempts to recharacterize her claim as being brought under 42 U.S.C. § 1983.  *See* Pl.'s Resp. to Mot. to Dismiss 3 [24].  But section 1983

concerns only public, not private, actors. *See* 42 U.S.C. § 1983; *see also Blankenship v. Buenger*, 653 F. App'x 330, 334–35 (5th Cir. 2016) ("Mere private conduct, no matter how discriminatory or wrongful, is excluded from § 1983's reach." (internal quotation marks omitted)). Nevertheless, "[s]o long as a pleading alleges facts upon which relief can be granted, it states a claim even if it 'fails to categorize correctly the legal theory giving rise to the claim.'" *Gause v. United States Dep't of Def.*, 676 F. App'x 316, 319 (5th Cir. 2017) (quoting *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013)).

Construing the allegations in the light most favorable to Jones, *see Gines*, 699 F.3d at 816, the Court holds that she has alleged sufficient facts regarding her allegations of sex-based harassment to "state a claim to relief" under Title VII that is "plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, the Court denies FedEx Office's motion to dismiss Count I of Jones's amended complaint.

### B. Jones Does Not State A Plausible Retaliation Claim

Jones alleges that FedEx Office retaliated against her in violation of section 1981 after she participated in a protected activity. To establish a prima facie case of retaliation, Jones must show: "(1) [she] engaged in a protected activity; (2) [she was] subject to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action." *Hypolite v. City of Houston, Tex.*, 493 F. App'x 597, 602 (5th Cir. 2012) (internal citations omitted). "To constitute prohibited retaliation, an employment action must be 'materially adverse,' one that would 'dissuade a reasonable worker from making or

supporting a charge of discrimination.'" *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009) (internal alterations omitted) (quoting *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

Jones filed three separate charges with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission ("TWC") regarding the FedEx Employees' conduct.[2]  Am. Compl. ¶¶ 22–24 [21].  Jones claims that the FedEx Employees "did not stop their harassment or bullying" upon discovering that she had filed charges. *Id*. ¶ 51.  She further alleges that as result of filing the charges, she was: (1) "escorted off of the premise[s] immediately"; (2) placed on mandatory paid administrative leave for 11 days "to allow FedEx to conduct its investigation" of her charges; (3) "ordered into a meeting" with three FedEx Office employees, including Justin Hersma, after she told the other two employees that she "did not feel comfortable" meeting with Hersma; and (4) told that she must transfer to another FedEx Office facility that was farther from her home, take 30 days of unpaid administrative leave, or be terminated.  *Id*. ¶ 56.  Jones does not  allege that she ever chose to transfer, take unpaid leave, or be terminated.  Instead, she claims that her mental and physical health subsequently "decreased to the point where [she] had to be placed on long-term disability."  *Id*. ¶ 29.

---

[2]Filing charges with the EEOC and TWC is a protected activity.  *See Davis*, 448 F. App'x 492 ("An employee has engaged in activity protected by Title VII if she has either (1) opposed any practice made an unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII." (quoting *Dixon v. Moore Wallace, Inc.*, 236 Fed. App'x 936, 937 (5th Cir. 2007))).

None of these events qualified as an adverse employment action. The Fifth Circuit has recognized that paid administrative leave may constitute an adverse employment action where such leave "carr[ies] with it both the stigma of the suspicion of wrongdoing and possibly significant emotional distress" and "negatively affects an [employee's] chances for future advancement." *McCoy v. City of Shreveport*, 492 F.3d 551, 560–61 (5th Cir. 2007). But such circumstances are not present here. Jones has alleged no facts showing that she suffered any "adverse impact as a result of being placed on leave." *Stewart*, 586 F.3d at 332. In *Stewart*, the Fifth Circuit held that the plaintiff's placement on paid administrative leave for three weeks did not qualify as an adverse employment action where the plaintiff "continued to receive her salary and was not requested to use any accumulated leave time," the plaintiff was subsequently "reinstated with the same salary," and "[t]here was no suggestion that the leave was the result of any fault on [the plaintiff's] part, such as might carry a stigma in the workplace." *Id.* Here, Jones alleges that she was paid during her administrative leave, and does not contend that FedEx Office placed her on leave for any reason other than to investigate her complaints to the EEOC and TWC. Am. Compl. ¶ 56 [21]. Under the circumstances, Jones's placement on paid administrative leave did not constitute an adverse employment action. Similarly, being ordered into a meeting in which Jones did "not feel comfortable," *id.*, was not an adverse employment action severe enough to "'dissuade a reasonable worker from making or supporting a charge of discrimination,'" *Stewart*, 586 F.3d 331 (internal alterations omitted) (quoting *Burlington*,

ORDER – PAGE 10

548 U.S. at 68). Finally, although Jones alleges FedEx Office told her that she must transfer to another facility, take 30 days of unpaid administrative leave, or be terminated, Jones never alleges that any of these events actually occurred. Because Jones has not alleged particularized facts showing that she suffered an adverse employment action, the Court grants FedEx Office's motion to dismiss Count IV of Jones's amended complaint.

### CONCLUSION

The Court denies FedEx Office's motion to dismiss Count I of Jones's amended complaint. The Court grants FedEx Office's motion to dismiss Count IV of Jones's amended complaint. Because Jones did not request leave to amend her pleadings, the Court dismisses Count IV with prejudice.

Signed November 21, 2017.

David C. Godbey
United States District Judge

ORDER – PAGE 11